**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| _____ ) | |
| ) | |
| ANDREA ELECTRONICS ) | |
| CORPORATION, ) | |
| ) | |
| ) | Civil Action No. 2:15-cv-215 |
| Plaintiff, ) | |
| ) | |
| ) | **COMPLAINT** |
| v. ) | |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| REALTEK SEMICONDUCTOR CORP., ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Andrea Electronics Corporation ("Andrea"), by and through its counsel, Pepper

Hamilton LLP, for its Complaint against defendant Realtek Semiconductor Corp. ("Realtek" or

"Defendant"), alleges as follows:

**NATURE OF ACTION**

1.      This is an action for patent infringement under the patent laws of the United

States, 35 U.S.C. §§ 271, *et seq.*, to enjoin infringement and obtain damages resulting from

Defendant's unauthorized and ongoing actions, in the state of New York and elsewhere, of

making, having made, using, selling, having sold, offering to sell, and/or importing or having

imported into the United States, certain audio codec chips and/or audio processing software that

1

infringe one or more claims in Andrea's U.S. Patent No. 5,825,898 (the "'898 Patent"), U.S. Patent No. 6,049,607 (the "'607 Patent"), U.S. Patent No. 6,363,345 (the "'345 Patent"), U.S. Patent No. 6,377,637 (the "'637 Patent"), and U.S. Patent No. 6,483,923 (the "'923 Patent") (collectively, the "Asserted Patents").

2.      This is an action for indirect infringement.  Upon information and belief, Defendant induces or contributes to the direct infringement of, either literally or under the doctrine of equivalents, one or more claims of the '898, '607, '345, '637, and '923 Patents.

3.      Upon information and belief, Defendant makes, has made, uses, sells, offers to sell, and/or imports or has imported into the United States certain audio codec chips and/or audio processing software that indirectly infringe each of the Asserted Patents, either literally or under the doctrine of equivalents.

## THE PARTIES

4.      Plaintiff Andrea is a corporation organized and existing under the laws of the state of New York with its principal place of business at 65 Orville Drive, Suite One, Bohemia, New York 11716.

5.      Upon information and belief, Realtek Semiconductor Corp. is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at No.2, Innovation Road II, Hinchu Science Park, Hsinchu 300, Taiwan.  Realtek Semiconductor Corp. may be served through its registered agent for service of process, Chunye Kuang, at 4790 Irvine Blvd, Ste 105-170, Irvine, CA 92620.

## JURISDICTION AND VENUE

6.      Upon information and belief, Defendant is subject to personal jurisdiction in the Eastern District of New York because it regularly transacts business in this judicial district by, among other things, offering and advertising products to customers, business affiliates, and/or

partners located in this judicial district.  In addition, Defendant has committed acts of indirect infringement of one or more claims of each of the Asserted Patents in this judicial district. Defendant induces others to infringe the Asserted Patents within the Eastern District of New York by, for example, providing advertising material and contributing to the infringement of the Asserted Patents by selling components necessary for infringement and without substantial non-infringing use within the Eastern District of New York.

7.      Venue is proper in the Eastern District of New York under 28 U.S.C. §§ 1391(b) and (c) as well as 28 U.S.C. § 1400(b) because Defendant is subject to personal jurisdiction in this district and has committed acts of indirect infringement in this district.  Additionally, Plaintiff's principal place of business is located in this judicial district.

## BACKGROUND AND FACTS RELATED TO THIS ACTION

8.      Andrea is a leading industry developer of product solutions which optimize the performance of voice user interfaces and has a decorated history deeply rooted in the state of New York.  Its technology has been applied to products related to, among other things, voice over internet protocol ("VoIP") telephone, VoIP teleconferencing, video conferencing, speech recognition, computer gaming, in-car computing, and 3D audio recording.

9.      The leadership of Andrea has spanned three familial generations over 80 years, and the company has been headquartered in the Long Island community since 1934.  Andrea's products are featured in the Henry Ford Museum and Smithsonian National Museum of American History.

10.     In the early 1900s, Frank Andrea, an Italian immigrant, started his business career.  He began as an electroplater for I.P. Frink manufacturing company and studied at night as a tool maker and machinist at the Mechanics Institute in New York City.  In 1913 he joined the Frederick Pierce Company and, after the outbreak of World War I, worked to design tools to

3

manufacture parts for a new aircraft radio receiver that he had built.  Mr. Andrea soon thereafter started his own company, FADA.

11.     As founder of FADA, Mr. Andrea employed his family members, including his 16 year-old brother, John.  FADA picked up momentum when Mr. Andrea convinced Marconi, the predecessor of RCA, to place an order for radio parts.  FADA began manufacturing parts for crystal sets and "Do It Yourself" kits.  FADA also soon began manufacturing parts such as sockets and rheostats for tube type radios.

12.     After selling his controlling interest in FADA, Mr. Andrea founded the Andrea Radio Corporation ("Andrea Radio").  Andrea Radio's offerings evolved over time.  In 1939, Andrea Radio developed and produced one of the first television sets, which was displayed at the World's Fair in Queens, New York.  Andrea Radio sold TV kits and the first television console models that also housed a radio and phonograph.  In 1954, Andrea Radio began developing a color television and introduced a set in 1957.

13.     During the Second World War, the firm engaged in the production of military electronics.  In 1942, Andrea Radio was presented with the prestigious high honors Navy E Award for manufacturing excellence and providing military audio communications equipment.  In the early 1960s, Andrea Radio developed and produced several types of high reliability intercommunication systems for installation in various military and commercial aircraft.  Indeed, Andrea Radio produced the audio intercom system for Project Mercury's first manned spacecraft.

14.     Mr. Andrea passed away in 1965, leaving his son, Frank Jr., to continue the Andrea business.

15.     In the 1970s and 1980s, Andrea Radio became a premier supplier of high performance avionic intercom equipment for defense industry manufacturers like Bell Helicopter, Boeing, Sikorsky, and Lockheed, prompting Andrea Radio to change its name to Andrea Electronics Corporation.  Andrea produced microphone audio pre-amplifiers for Navy aviators' oxygen mask helmet systems.  The experience gained from producing audio intercom systems for high noise environments paved the way for Andrea's emphasis on active noise cancellation.

16.     Product development continued in the 1990s with Andrea producing the first Active Noise Canceling ("ANC") boom microphone computer headset for deployment with computer speech recognition.  Andrea shipped millions of headsets and microphone products to software OEMs.  In 1998, Andrea developed and produced the first digital array microphone for commercial use, providing hands-free voice command and control functionality.  In 1999, Andrea developed and produced the first USB headset as well as the first desktop digital array microphone.

17.     In the 2000s, Andrea broadened the application of its product offerings.  In 2001, it developed and produced digital noise canceling array microphones for speech control systems in police cruisers.  In 2002, Andrea revolutionized PC audio input by introducing the first stereo array microphone interface for integrated audio coder/decoders ("CODECs").  By the late 2000s, Andrea had shipped over one million SuperBeam stereo array microphones, and millions of DSDA stereo array microphone and EchoStop speakerphone products.

18.     Andrea has continued its innovation and offers microphone and earphone technologies designed to enhance sound quality.  Andrea, now led by Frank Andrea's grandson, Douglas Andrea, successfully transformed itself from a manufacturer of industrial and military

intercommunication systems into a creator of cutting-edge audio technologies.  Andrea incorporates its new patented technologies to enable natural language interfaces and enhance the performance of voice-related applications.  Today, Andrea offers a variety of products incorporating its technologies such as headsets and headphones, microphones, software algorithms, USB audio solutions and related accessories.  Since its inception, Andrea has gone through a remarkable evolution as an audio technology leader, meeting the ever-changing needs of a demanding audio communications marketplace.

**COUNT I**

**(Infringement of the '898 Patent)**

19.     Paragraphs 1 through 18 are incorporated by reference as if fully restated herein.

20.     On October 20, 1998, United States Patent No. 5,825,898 (the "'898 Patent") was duly and legally issued for "System and Method for Adaptive Interference Cancelling."  The '898 Patent is in full force and effect.  A true and correct copy of the '898 Patent is attached hereto as Exhibit A and made part hereof.

21.     Andrea is the owner of all right, title, and interest in and to the '898 Patent, with the exclusive right to enforce the '898 Patent against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

22.     The '898 Patent generally relates to signal processing.  Specifically, the '898 Patent discloses an adaptive signal processing system and method for reducing interference in a received signal.

23.     Upon information and belief, Defendant has indirectly infringed the '898 Patent by inducing and contributing to the infringement of at least one claim of the '898 Patent.

24.     Defendant has been aware of the '898 Patent and of Andrea's allegations of infringement since at least the filing of this Complaint.  Additionally, Defendant had constructive

notice of the '898 patent prior to the filing of this Complaint by virtue of Andrea's marking practice, as set forth in Count VI below.

25.     Despite Defendant's awareness of the '898 Patent and Andrea's allegations, it has knowingly and actively induced others to infringe the '898 Patent by selling audio codec chips and/or audio processing software which induce the direct infringement of at least one of the claims of '898 Patent by Defendant's customers and/or users.  For example, Defendant provides audio codec chips and/or audio processing software to consumer electronics manufacturers for incorporation into products such as laptops, desktops, notebooks, laptops, all-in-ones, Chromebooks, and computer tablets.  Once incorporated, these products provide a beam forming functionality that directly infringes at least one claim of the '898 Patent.  By providing and continuing to provide these audio codecs and/or audio processing software, Defendant has induced and is actively inducing infringement of at least one claim of the '898 patent.

26.     Further, Defendant also induces the direct infringement of at least one of the claims of the '898 Patent by providing and continuing to provide promotional materials advertising the audio processing functionalities described and claimed in the '898 Patent.  For example, Defendant has advertised and continues to advertise that beam forming is a software feature supported by their audio codec chips.  *See, e.g.*, Exhibit F (http://www.realtek.com.tw/products/productsView.aspx?Langid=1&PFid=27&Level=5&Conn=4&ProdID=166), Exhibit G (http://www.realtek.com.tw/products/productsView.aspx?Langid=1&PFid=37&Level=5&Conn=4&ProdID=144), and Exhibit H (http://www.realtek.com.tw/products/productsView.aspx?Langid=1&PFid=28&Level=5&Conn=4&ProdID=42).  Upon information and belief, Defendant's audio codec chips and/or audio

processing software reduce or eliminate interference in a received signal in a manner that infringes the '898 Patent.  At least by advertising such functionality, Defendant has induced and is actively inducing use of that function and infringement of at least one claim of Andrea's '898 Patent.

27.     Further, upon information and belief, Defendant has also indirectly infringed the '898 Patent by contributing to the infringement of at least one claim of the '898 Patent.

28.     Upon information and belief, Defendant's audio codec chips and/or audio processing software are made solely for the purpose of reducing or eliminating interference from voice and/or other audio signals in a manner that infringes at least one claim of the '898 Patent. Further, these audio codec chips and/or audio processing software are especially made and/or especially adapted for use in the infringement of Andrea's '898 Patent, are not a staple commodity of commerce, and are not suitable for substantial non-infringing use.  By selling these audio codec chips and/or audio processing software, Defendant has contributed to the infringement of the '898 Patent by users and/or consumers of said audio codec chips and/or audio processing software.

29.     As a result of Defendant's infringing conduct, Andrea has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

30.     Upon information and belief, Defendant will continue its infringement of the '898 Patent unless enjoined by the Court.  Defendant's infringing conduct has caused Andrea irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT II

### (Infringement of the '607 Patent)

31.     Paragraphs 1 through 30 are incorporated by reference as if fully restated herein.

32.     On April 11, 2000, United States Patent No. 6,049,607 (the "'607 Patent") was duly and legally issued for "Interference Canceling Method and Apparatus."  The '607 Patent is in full force and effect.  A true and correct copy of the '607 Patent is attached hereto as Exhibit B and made part hereof.

33.     Andrea is the owner of all right, title, and interest in and to the '607 Patent, with the exclusive right to enforce the '607 Patent against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

34.     The '607 Patent generally relates to an interference canceling method and apparatus.  For instance, the '607 Patent discloses an echo canceling method and apparatus which provides echo-canceling in full duplex communication.

35.     Upon information and belief, Defendant has indirectly infringed the '607 Patent by inducing and contributing to the infringement of at least one claim of the '607 Patent.

36.     Defendant has been aware of the '607 Patent and of Andrea's allegations of infringement since at least the filing of this Complaint.  Additionally Defendant had constructive notice of the '607 patent prior to the filing of this Complaint by virtue of Andrea's marking practice, as set forth in Count VI below.

37.     Despite Defendant's awareness of the '607 Patent and Andrea's allegations, it has knowingly and actively induced others to infringe the '607 Patent by selling audio codec chips and/or audio processing software which induce the direct infringement of at least one of the claims of the '607 Patent by Defendant's customers and/or users.  For example, Defendant provides audio codec chips and/or audio processing software to consumer electronics manufacturers for incorporation into products such as desktops, notebooks, laptops, all-in-ones, Chromebooks, and computer tablets.  Once incorporated, these products provide an echo

9

cancellation functionality that directly infringes at least one claim of the '607 Patent.  By

providing and continuing to provide these audio codecs and/or audio processing software,

Defendant has induced and is actively inducing infringement of at least one claim of the '607

patent.

      38.    Further, Defendant also induces the direct infringement of at least one of the

claims of the '607 Patent by providing and continuing to provide promotional materials

advertising the audio processing functionalities described and claimed in the '607 Patent.  For

example, Defendant has advertised and continues to advertise that acoustic echo cancellation is a

software feature supported by their audio codec chips.  *See, e.g.*, Exhibit F

([http://www.realtek.com.tw/products/productsView.aspx?Langid=1&PFid=27&Level=5&Conn=4&ProdID=166](http://www.realtek.com.tw/products/productsView.aspx?Langid=1&PFid=27&Level=5&Conn=4&ProdID=166)), Exhibit G

([http://www.realtek.com.tw/products/productsView.aspx?Langid=1&PFid=37&Level=5&Conn=4&ProdID=144](http://www.realtek.com.tw/products/productsView.aspx?Langid=1&PFid=37&Level=5&Conn=4&ProdID=144)), and Exhibit H

([http://www.realtek.com.tw/products/productsView.aspx?Langid=1&PFid=28&Level=5&Conn=4&ProdID=42](http://www.realtek.com.tw/products/productsView.aspx?Langid=1&PFid=28&Level=5&Conn=4&ProdID=42)).  Upon information and belief, Defendant's audio codec chips and/or audio

processing software reduce or eliminate interference in a received signal in a manner that

infringes the claims of the '607 Patent.  At least by advertising such functionality, Defendant has

induced and is actively inducing use of that functionality and infringement of at least one claim

of Andrea's '607 Patent.

      39.    Further, upon information and belief, Defendant has also indirectly infringed the

'607 Patent by contributing to the infringement of at least one claim of the '607 Patent.

      40.    Upon information and belief, Defendant's audio codec chips and/or audio

processing software are made solely for the purpose of reducing or eliminating interference

signals from voice and/or audio signals in a manner that infringes at least one claim of the '607 Patent.  Further, these audio codec chips and/or audio processing software are especially made and/or especially adapted for use in the infringement of Andrea's '607 Patent, are not a staple commodity of commerce, and are not suitable for substantial non-infringing use.  By selling these audio codec chips and/or audio processing software, Defendant has contributed to the infringement of the '607 Patent by users and/or consumers of said audio codec chips and/or audio processing software.

41.     As a result of Defendant's infringing conduct, Andrea has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

42.     Upon information and belief, Defendant will continue its infringement of the '607 Patent unless enjoined by the Court.  Defendant's infringing conduct has caused Andrea irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT III

### (Infringement of the '345 Patent)

43.     Paragraphs 1 through 42 are incorporated by reference as if fully restated herein.

44.     On March 26, 2002, United States Patent No. 6,363,345 (the "'345 Patent") was duly and legally issued for "System, Method and Apparatus for Cancelling Noise."  The '345 Patent is in full force and effect.  A true and correct copy of the '345 Patent is attached hereto as Exhibit C and made part hereof.

45.     Andrea is the owner of all right, title, and interest in and to the '345 Patent, with the exclusive right to enforce the '345 Patent against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

46.     The '345 Patent generally relates to noise cancellation and reduction.

47.     Upon information and belief, Defendant has indirectly infringed the '345 Patent by inducing and contributing to the infringement of at least one claim of the '345 Patent.

48.     Defendant has been aware of the '345 Patent and of Andrea's allegations of infringement since at least the filing of this Complaint.  Additionally Defendant had constructive notice of the '345 patent prior to the filing of this Complaint by virtue of Andrea's marking practice, as set forth in Count VI below.

49.     Despite Defendant's awareness of the '345 Patent and Andrea's allegations, it has knowingly and actively induced others to infringe the '345 Patent by selling audio codec chips and/or audio process software which induce the direct infringement of at least one of the claims of the '345 Patent by Defendant's customers and/or users.  For example, Defendant provides audio codec chips and/or audio processing software to consumer electronics manufacturers for incorporation into products such as desktops, notebooks, laptops, all-in-ones, Chromebooks, and computer tablets.  Once incorporated, these products provide a noise cancellation/suppression functionality that directly infringes at least one claim of the '345 Patent.  By providing and continuing to provide these audio codecs and/or audio processing software, Defendant has induced and is actively inducing infringement of at least one claim of the '345 patent.

50.     Further, Defendant also induces the direct infringement of at least one of the claims of the '345 Patent by providing and continuing to provide promotional materials advertising the audio processing functionalities described and claimed in the '345 Patent.  For example, Defendant has advertised and continues to advertise that noise suppression is a software feature supported by their audio codec chips.  *See, e.g.*, Exhibit F (http://www.realtek.com.tw/products/productsView.aspx?Langid=1&PFid=27&Level=5&Conn=

4&ProdID=166), Exhibit G

(http://www.realtek.com.tw/products/productsView.aspx?Langid=1&PFid=37&Level=5&Conn=4&ProdID=144), and Exhibit H

(http://www.realtek.com.tw/products/productsView.aspx?Langid=1&PFid=28&Level=5&Conn=4&ProdID=42).  Upon information and belief, Defendant's audio codec chips and/or audio processing software reduce or eliminate noise in a voice or audio signal in a manner that infringes the claims of the '345 Patent.  At least by advertising such functionality, Defendant has induced and is actively inducing use of that functionality and infringement of at least one claim of Andrea's '345 Patent.

51.    Further, upon information and belief, Defendant has also indirectly infringed the '345 Patent by contributing to the infringement of at least one claim of the '345 Patent.

52.    Upon information and belief, Defendant's audio codec chips and/or audio processing software are made solely for the purpose of reducing or eliminating noise from voice and/or other audio signals in a manner that infringes at least one claim of the '345 Patent. Further, these audio codec chips and/or audio processing software are especially made and/or especially adapted for use in the infringement of Andrea's '345 Patent, are not a staple commodity of commerce, and are not suitable for substantial non-infringing use.  By selling these audio codec chips and/or audio processing software, Defendant has contributed to the infringement of the '345 Patent by users and/or consumers of said audio codec chips and/or audio processing software.

53.    As a result of Defendant's infringing conduct, Andrea has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

54.     Upon information and belief, Defendant will continue its infringement of the '345 Patent unless enjoined by the Court.  Defendant's infringing conduct has caused Andrea irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT IV

### (Infringement of the '637 Patent)

55.     Paragraphs 1 through 54 are incorporated by reference as if fully restated herein.

56.     On April 23, 2002, United States Patent No. 6,377,637 (the "'637 Patent") was duly and legally issued for "Sub-Band Exponential Smoothing Noise Canceling System."  The '637 Patent is in full force and effect.  A true and correct copy of the '637 Patent is attached hereto as Exhibit D and made part hereof.

57.     Andrea is the owner of all right, title, and interest in and to the '637 Patent, with the exclusive right to enforce the '637 Patent against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

58.     The '637 Patent generally relates to noise cancellation and reduction and, more specifically, to noise cancellation and reduction using sub-band processing and exponential smoothing.

59.     Upon information and belief, Defendant has indirectly infringed '637 Patent by inducing and contributing to the infringement of at least one claim of the '637 Patent.

60.     Defendant has been aware of the '637 Patent and of Andrea's allegations of infringement since at least the filing of this Complaint.  Additionally Defendant had constructive notice of the '637 patent prior to the filing of this Complaint by virtue of Andrea's marking practice, as set forth in Count VI below.

61.     Despite Defendant's awareness of the '637 Patent and Andrea's allegations, it has knowingly and actively induced others to infringe the '637 Patent by selling audio codec chips and/or audio processing software which induce the direct infringement of at least one of the claims of the '637 Patent by Defendant's customers and/or users.  For example, Defendant provides audio codec chips and/or audio processing software to consumer electronics manufacturers for incorporation into products such as desktops, notebooks, laptops, all-in-ones, Chromebooks, and computer tablets.  Once incorporated, these products provide a noise cancellation/suppression functionality that directly infringes at least one claim of the '637 Patent. By providing and continuing to provide these audio codecs and/or audio processing software, Defendant has induced and is actively inducing infringement of at least one claim of the '637 patent.

62.     Further, Defendant also induces the direct infringement of at least one of the claims of the '637 patent by providing and continuing to provide promotional materials advertising the audio processing functionalities described and claimed in the '637 Patent.  For example, Defendant has advertised and continues to advertise that noise suppression is a software feature supported by their audio codec chips.  *See, e.g.*, Exhibit F (http://www.realtek.com.tw/products/productsView.aspx?Langid=1&PFid=27&Level=5&Conn=4&ProdID=166), Exhibit G (http://www.realtek.com.tw/products/productsView.aspx?Langid=1&PFid=37&Level=5&Conn=4&ProdID=144), and Exhibit H (http://www.realtek.com.tw/products/productsView.aspx?Langid=1&PFid=28&Level=5&Conn=4&ProdID=42).  Upon information and belief, Defendant's audio codec chips and/or audio processing software reduce or eliminate noise in a voice or audio signal in a manner that

infringes the claims of the '637 Patent.  At least by advertising such functionality, Defendant has induced and is actively inducing the use of that functionality and infringement of at least one claim of Andrea's '637 Patent.

63.    Further, upon information and belief, Defendant has also indirectly infringed the '637 Patent by contributing to the infringement of at least one claim of the '637 Patent.

64.    Upon information and belief, Defendant's audio codec chips and/or audio processing software are made solely for the purpose of reducing or eliminating noise from voice and/or other audio signals in a manner that infringes at least one claim of the '637 Patent. Further, these audio codec chips and/or audio processing software are especially made and/or especially adapted for use in the infringement of Andrea's '637 Patent, are not a staple commodity of commerce, and are not suitable for substantial non-infringing use.  By selling audio codec chips and/or audio processing software, Defendant has contributed to the infringement of the '637 Patent by users and/or consumers of said audio codec chips and/or audio processing software.

65.    As a result of Defendant's infringing conduct, Andrea has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

66.    Upon information and belief, Defendant will continue its infringement of the '637 Patent unless enjoined by the Court.  Defendant's infringing conduct has caused Andrea irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT V

### (Infringement of the '923 Patent)

67.    Paragraphs 1 through 66 are incorporated by reference as if fully restated herein.

16

68.     On November 19, 2002, United States Patent No. 6,483,923 (the "'923 Patent") was duly and legally issued for "System and Method for Adaptive Interference Cancelling."  The '923 Patent is in full force and effect.  A true and correct copy of the '923 Patent is attached hereto as Exhibit E and made part hereof.

69.     Andrea is the owner of all right, title, and interest in and to the '923 Patent, with the exclusive right to enforce the '923 Patent against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

70.     The '923 Patent generally relates to signal processing.  Specifically, the '923 Patent discloses an adaptive signal processing system and method for reducing interference in a received signal.

71.     Upon information and belief, Defendant has indirectly infringed the '923 Patent by inducing and contributing to the infringement of at least one claim of the '923 Patent.

72.     Defendant has been aware of the '923 Patent and of Andrea's allegations of infringement since at least the filing of this Complaint.  Additionally, Defendant had constructive notice of the '923 patent prior to the filing of this Complaint by virtue of Andrea's marking practice, as set forth in Count VI below.

73.     Despite Defendant's awareness of the '923 Patent and Andrea's allegations, it has knowingly and actively induced others to infringe the '923 Patent by selling audio codec chips and/or audio processing software which induce the direct infringement of at least one of the claims of '923 Patent by Defendant's customers and/or users.  For example, Defendant provides audio codec chips and/or audio processing software to consumer electronics manufacturers for incorporation into products such as desktops, notebooks, laptops, all-in-ones, Chromebooks, and computer tablets.  Once incorporated, these products provide a beam forming functionality that

directly infringes at least one claim of the '923 Patent. By providing and continuing to provide these audio codecs and/or audio processing software, Defendant has induced and is actively inducing infringement of at least one claim of the '923 patent.

74. Further, Defendant also induces the direct infringement of at least one of the claims of the '923 Patent by providing and continuing to provide promotional materials advertising the audio processing functionalities described and claimed in the '923 Patent. For example, Defendant has advertised and continues to advertise that beam forming is a software feature supported by the audio codec chips. *See, e.g.*, Exhibit F

(http://www.realtek.com.tw/products/productsView.aspx?Langid=1&PFid=27&Level=5&Conn=4&ProdID=166), Exhibit G

(http://www.realtek.com.tw/products/productsView.aspx?Langid=1&PFid=37&Level=5&Conn=4&ProdID=144), and Exhibit H

(http://www.realtek.com.tw/products/productsView.aspx?Langid=1&PFid=28&Level=5&Conn=4&ProdID=42). Upon information and belief, Defendant's audio codec chips and/or audio processing software reduce or eliminate interference in a received signal in a manner that infringes the claims of the '923 Patent. At least by advertising such functionality, Defendant has induced and is actively inducing use of that function and infringement of at least one claim of Andrea's '923 Patent.

75. Further, upon information and belief, Defendant has also indirectly infringed the '923 Patent by contributing to the infringement of at least one claim of the '923 Patent.

76. Upon information and belief, Defendant's audio codec chips and/or audio processing software are made solely for the purpose of reducing or eliminating interference from voice and/or other audio signals in a manner that infringes at least one claim of the '923 Patent.

Further, these audio codec chips and/or audio processing software are especially made and/or especially adapted for use in the infringement of Andrea's '923 Patent, are not a staple commodity of commerce, and are not suitable for substantial non-infringing use.  By selling these audio codec chips and/or audio processing software, Defendant has contributed to the infringement of the '923 Patent by users and/or consumers of said audio codec chips and/or audio processing software.

77.    As a result of Defendant's infringing conduct, Andrea has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

78.    Upon information and belief, Defendant will continue its infringement of the '923 Patent unless enjoined by the Court.  Defendant's infringing conduct has caused Andrea irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT VI

### (Notice of the Asserted Patents under 35 U.S.C. § 287)

79.    Paragraphs 1 through 78 are incorporated by reference as if fully restated herein.

80.    Prior to the initiation of this action, Andrea provided constructive notice to the public, including Defendant, of the Asserted Patents, by consistently marking substantially all of their articles practicing the Asserted Patents.

## JURY DEMAND

Andrea hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Wherefore, Andrea requests the following relief:

a.    Judgment that one or more of the claims of the '898, '607, '345, '637, and
      '923 Patents have been indirectly infringed either literally and/or under the
      Doctrine of Equivalents by Defendant;

b.    Judgment that Defendant be held liable and ordered to account for and pay
      to Andrea:

      (1)   Damages adequate to compensate Andrea for Defendant's
            infringement of the '898, '607, '345, '637, and '923 Patents, for
            Andrea's lost profits and/or in an amount no less than a reasonable
            royalty, pursuant to 35 U.S.C. § 284;

      (2)   Andrea's reasonable attorneys' fees under 35 U.S.C. § 285; and

      (3)   Andrea's pre-judgment and post-judgment interest and costs
            pursuant to 35 U.S.C. §284;

c.    Judgment that Defendant be permanently enjoined from any further
      conduct that infringes one or more claims of the '898, '607, '345, '637,
      and '923 Patents; and

d.    Judgment that Andrea be granted such other and further relief as the Court
      may deem just and proper under the circumstances.

Date: January 14, 2015                              Respectfully submitted,

                                                    Goutam Patnaik
                                                    Tuhin Ganguly
                                                    David J. Shaw
                                                    Kelly E. Rose
                                                    Pepper Hamilton LLP
                                                    Hamilton Square

600 Fourteenth Street, N.W.
Washington, DC  20005-2004
Tel: 202.220.1200
Fax: 202.220.1665

William D. Belanger
Frank Liu
Suparna Datta
Gwendolyn E. Tawresey
Pepper Hamilton LLP
19th Floor, High Street Tower
125 High Street
Boston, MA  02110-2736
Tel: 617.204.5100
Fax: 617.204.5150

*Counsel for Plaintiff*
*Andrea Electronics Corporation*